# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3305

_____

United States of America,                    *
                                             *
            Plaintiff-Appellee,              *
                                             *
      v.                                      *
                                             *   Appeal from the United States
Bob Hall; Billy G. McLaughlin;               *   District Court for the
Wallace Barber; Ralph Griffin;               *   Eastern District of Arkansas.
Paul Calkin; George Higgins;                 *
Jimmy Benson; Darrell Floyd;                 *          [UNPUBLISHED]
Bobby Hulse; David Johnson;                  *
Orville Ledbetter; Jimmy Reeves;             *
Leo George; Sam Banks;                       *
William L. Clark,                            *
                                             *
            Defendants-Appellants.

_____

Submitted:  April 13, 2001

Filed:  April 26, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and VIETOR,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

The United States brought this action for injunctive relief seeking to have defendants, owners of houseboats on the White River, remove their mooring lines, electric lines, walkways, television antennae, and other equipment from lands in the White River National Wildlife Refuge ("NWR"). Defendants counterclaimed seeking declaratory and injunctive relief based on asserted violations of their equal protection and due process rights. The District Court[2] granted the injunction sought by the government and dismissed the counterclaim. Defendants appeal.

Defendants argue that the District Court erred in setting the boundary line demarcating the waters of the White River from the lands of the NWR. We disagree. The District Court correctly applied the legal standard set forth in Hayes v. State, 496 S.W.2d 372, 375 (Ark. 1973), and determined that the line at which woody vegetation ceases, and only herbaceous vegetation grows, is the true boundary line between the NWR and the river. Moreover, the government's evidence supports the District Court's finding that the items the government seeks to have removed are all on the NWR side of the line.

In support of their counterclaim, defendants argue that the restrictions imposed by the government lack a rational basis and that defendants are being treated differently from other similarly situated houseboaters. These arguments lack merit. The District Court did not err in dismissing defendants' counterclaim.

The judgment of the District Court is affirmed. See 8th Cir. R. 47B.

---

[2]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.